Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000087
08-JAN-2014
09:26 AM

NO. CAAP-13-0000087

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMES E. ABEL, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1P1120008541)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant James E. Abel appeals from a
December 17, 2012 Notice of Entry of Judgment and/or Order
entered in the District Court of the First Circuit (district
court) for using a live animal for the solicitation of business
on public property in violation of Revised Ordinances of Honolulu
(ROH) § 29-13.2(b) (2012).

On appeal Abel contends the district court wrongly
denied his motion for judgment of acquittal and wrongly adjudged
him guilty as charged because the Plaintiff-Appellee State of
Hawai'i failed to provide sufficient evidence regarding the
element of solicitation.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised by the parties, as
well as the relevant statutory and case law, we conclude Abel's
appeal is without merit.

ROH § 29-13.2(b) provides that

> In the Waikiki special district, no person shall use any live animal in furtherance of any solicitation on any public property, except in compliance with all of the following conditions of this section or, if applicable, Section 29-13.2A:
>
> . . . .
>
> (b)    The person conducting the solicitation shall not place the animal on or otherwise transfer the animal to any other person.

"'Solicitation' means to request or demand money or gifts." ROH § 29-13.1.

The testimony from Honolulu Police Department Sergeant Christensen indicates that she observed Abel standing on the sidewalk fronting 2335 Kalakaua Avenue while holding four birds. She then observed Abel "placing [the] birds on different individuals[,] taking pictures with the individuals['] cameras[,] and [she] would [then] see money transfer between the individual and [Abel]." She further described Abel's conduct of transferring the birds from himself to another person, as follows: "So he would have the birds in his hands. He would place them on the individuals, take the individuals' camera or phone[,] . . . take a photo, . . . [Abel would take] the birds back, and they would give him money." According to Sergeant Christensen, Abel "reached out to . . . other people . . . with the birds[.]" Sergeant Christensen's testimony constituted sufficient evidence proving that Abel intentionally, knowingly, or recklessly used his birds in furtherance of solicitation by reaching out to people with his birds, placing his birds onto other people, taking a photograph of the person with his birds in Waikiki, taking his birds back, and accepting money from that person. There is substantial evidence that Abel intentionally, knowingly, or recklessly used his birds in furtherance of a request for money.

> The standard of review for sufficiency of the evidence is well established; namely, whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima facie case requires substantial evidence as to every

> material element of the offense charged. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.

State v. Grace, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005) (block quote format changed) (quoting State v. Ferrer, 95 Hawai'i 409, 422, 23 P.3d 744, 757 (App. 2001)).

Therefore,

IT IS HEREBY ORDERED that the December 17, 2012 Notice of Entry of Judgment and/or Order entered in the District Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 8, 2014.

On the briefs:

James S. Tabe,
Deputy Public Defender
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3